FILED (SG)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

03 OCT 23 PM 1:28

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE
### NO. 3:03CV-645-S

| | |
|---|---|
| SHANNON JOHNSON<br>KENNETH WEEKS<br>BRANDON CAIN | **PLAINTIFFS** |
| VS. | **NOTICE OF REMOVAL** |
| LOUISVILLE/JEFFERSON COUNTY<br>METRO GOVERNMENT & MATTHEW CORDER | **DEFENDANTS** |

\* \* \* \*

The Defendants, Louisville/Jefferson County Metro Government, by counsel, hereby give notice of the removal of the above action to this Court pursuant to 28 USC §1441(a)(b) and in connection with said removal, state as follows:

1. There was commenced on October 6, 2003, and is now pending in Jefferson Circuit Court, Division Five, Civil Action No. 03CI-08723, in which the above named Plaintiffs are Shannon Johnson, Kenneth Weeks and Brandon Cain and the Defendants are Louisville/Jefferson County Metro Government and former Metro police officer Matthew Corder.

2. The claims, based upon the allegations of plaintiffs' Complaint, are of which the United States District Court is given original jurisdiction under 28 USC §1331 as a civil action arising under the laws of the United States, in this instance 42 USC § 1983, and the Constitution of the United States.

3. Corder has not joined in this removal, but has had notice of the same directed to him.

4. That this Notice of Removal was timely filed in this Court within thirty (30) days after the receipt on October 9, 2003, by the Defendant, Louisville/Jefferson County Metro

Government, of a copy of Plaintiffs' Complaint from which said Defendant first ascertained that the case is one which has become removable pursuant to 28 USC §1446(b).

5. That written notice of the filing of this Notice of Removal is being given to all adverse parties as required by law, including defendant Corder.

6. That a true and correct copy of this Notice of Removal will be filed with the Clerk of the Jefferson Circuit Court, as provided by law.

7. That pursuant to 28 USC §1446(a) that there is filed herewith and by reference made a part hereof, a true and correct copy of all process, pleadings and orders served upon this Defendant in this action, the same to become a part of the record in Jefferson Circuit Court Civil Action No. 03CI-08723.

WHEREFORE, these Defendant Metro Government pray that this action be removed from the Circuit Court of Jefferson County, Kentucky to this Court for all further proceedings.

Respectfully submitted,

*(signature)*
**JEFFREY L. FREEMAN**
Assistant Jefferson County Attorney
400 South Sixth Street
Louisville, Kentucky 40202
502/574-2167
502/574-7563 (FAX)

**I.G. SPENCER, JR.**
Assistant Jefferson County Attorney
531 Court Place, Suite 1001
Louisville, Kentucky 40202
502/574-6333
502/574-5573 (FAX)

*Counsel for defendant Metro Government*

## CERTIFICATE

I hereby certify that a copy of the foregoing was mailed to the following persons at the indicated addresses on this 22 day of October 2003:

Mr. William D. Nefzger
O'KOON HINTERMEISTER PLLC
1100 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky  40202
502/581-1630
502/581-1821 FAX
*Counsel for plaintiff*

Mr. Mark Miller
429 W. Muhammad Ali Blvd.
Louisville, Kentucky  40202

Mr. Matthew Corder
2406 High Pine Drive
Louisville, Kentucky  40214

JEFFREY L. FREEMAN

F:/JohnsonCorder-NtcofRemoval

NO._____

03CI08723

SHANNON JOHNSON,

KENNETH WEEKS,

and

BRANDON CAIN

JEFFERSON CIRCUIT COURT
DIVISION _____

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)

PLAINTIFFS

VS.                                        **COMPLAINT**

LOUISVILLE JEFFERSON COUNTY METRO

    Serve: Mayor Jerry E. Abramson
            527 West Jefferson Street
            Louisville, Kentucky 40202

    Serve: Irv Maze
            Jefferson County Attorney
            600 West Jefferson Street, Suite 2086
            Louisville, Kentucky 40202

and

MATTHEW CORDER
2406 High Pine Drive
Louisville, Kentucky 40214

DEFENDANTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    Comes now the Plaintiffs, Kenneth Weeks, Shannon Johnson and Brandon Cain, by counsel, and for their complaint against the Defendants state as follows:

1.    At all times relevant and material hereto, the Plaintiff, Kenneth Weeks, was a resident of Jefferson County, Kentucky.

2. At all times relevant and material hereto, the Plaintiff, Shannon Johnson, was a resident of Jefferson County, Kentucky.

3. At all times relevant and material hereto, the Plaintiff, Brandon Cain, was a resident of Jefferson County, Kentucky.

4. At all times relevant and material hereto, the Defendant, Louisville Jefferson County Metro is a municipality and governmental entity with its principal place of operation in Jefferson County, Kentucky.

5. At all times relevant and material hereto, the Defendant, Matthew Corder, was a resident of Jefferson County, Kentucky.

6. At all times relevant and material hereto, the Defendant, Matthew Corder, was an agent and/or servant, and/or employee of the Defendant Louisville Jefferson County Metro serving as an officer of its Police Department.

## COUNT I

7. The Plaintiffs reiterate and adopt by reference thereto, each and every allegation set forth above as if fully set forth hereinafter.

8. On or about October 7, 2002, the Defendant, Matthew Corder, while within the course and scope of his employment as an officer with the Police Department and with the intent to harm, assaulted and battered the Plaintiffs without provocation.

9. As a result of the assaults and batteries, the Plaintiffs suffered injuries and damages.

## COUNT II

10. The Plaintiffs reiterate and adopt by reference thereto, each and every allegation set forth above as if fully set forth hereinafter.

11. On or about October 7, 2002, the Defendant, Matthew Corder, while within the course and scope of his employment as an officer with the Police Department, intentionally and recklessly acted in an outrageous manner so as to offend the generally accepted societal standard of decency and morality.

12. The conduct caused, and continues to cause, the Plaintiffs to suffer severe emotional distress.

## COUNT III

13. The Plaintiffs reiterate and adopt by reference thereto, each and every allegation set forth above as if fully set forth hereinafter.

14. On or about October 7, 2002, the Defendant, Matthew Corder, while within the course and scope of his employment as an officer with the Police Department, falsely imprisoned the Plaintiffs.

15. As a result of the false imprisonments, the Plaintiffs have suffered injuries and damages.

## COUNT IV

16. The Plaintiffs reiterate and adopt by reference thereto, each and every allegation set forth above as if fully set forth hereinafter.

17. At all times relevant and material hereto, the Defendant Louisville Jefferson County Metro, as an employer was negligent and/or deliberately indifferent in hiring, training, supervising and retaining the Defendant Matthew Corder as an employee and/or agent and/or servant giving rise to actions for both common law negligence and under 42 USC § 1983.

18. As a result of the Defendant Louisville Jefferson County Metro's negligence and/or deliberate indifference, the Plaintiffs have suffered injuries and damages.

## COUNT V

17. The Plaintiffs reiterate and adopt by reference thereto, each and every allegation set forth above as if fully set forth hereinafter.

18. On or about October 7, 2002, the Defendant, Matthew Corder, while within the course and scope of his employment as an officer with the Police Department, violated the Plaintiffs' Civil Rights as listed in the United States Constitution and/or federal statutory law thereby giving rise to an action under 42 USC §1983.

19. As a result of the Civil Rights violation, the Plaintiffs suffered injuries and damages.

## COUNT VI

20. The Plaintiffs reiterate and adopt by reference thereto, each and every allegation set forth above as if fully set forth hereinafter.

21. On or about October 7, 2002, the Defendant, Matthew Corder, while within the course and scope of his employment as an officer with the Police Department, willfully acted towards the Plaintiffs with malice and without justification.

22. The Defendant Louisville Jefferson County Metro has acted towards the Plaintiffs in a grossly negligent, willful and/or deliberately indifferent manner.

23. As a result of the Defendants actions, the Plaintiffs seek punitive damages in accord with Kentucky Revised Statute 411.184.

24. The Plaintiffs have suffered damages in excess of the minimum dollar amount necessary to establish jurisdiction in this court.

WHEREFORE, the Plaintiffs, having stated their Complaint against the Defendants, demand relief as follows:

1. Judgment against the Defendants on all claims stated jointly and severally to compensate Plaintiffs for their losses;

2. For punitive damages against the Defendants;

3. For a trial by jury on all issues so triable;

4. For reasonable attorney fees incurred in the prosecution of this incident;

5. For their costs herein expended; and

6. For all other necessary and proper relief to which they may be deemed entitled.

Respectfully submitted,

**O'KOON HINTERMEISTER, PLLC**

William D. Nefzger
1100 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202
(502) 581-1630
(502) 581-1821 FAX
*Counsel for Plaintiff*